JOHN W. CARPENTER (Bar No. 221708)
Technology Licensing Company Inc.
33 1/2 Los Pinos
Nicasio, CA 94946
Telephone: (415) 240-4700
Facsimile: (415) 240-4771
e-mail: john@jwcarpenterlaw.com

ATTORNEY FOR PLAINTIFF
*TECHNOLOGY LICENSING COMPANY INC.*

Anton N. Handal, Cal. Bar No. 113812
Pamela C. Chalk, Cal. Bar No. 216411
Gabriel G. Hedrick, Cal. Bar No. 220649
**HANDAL & ASSOCIATES**
Civic Center Plaza
1200 Third Avenue, Suite 1321
San Diego, CA 92101
619.544.6400
619.696.0323 Fax

ATTORNEYS FOR DEFENDANT
*jWIN ELECTRONICS CORP.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TECHNOLOGY LICENSING COMPANY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JWIN ELECTRONICS CORP. and J & R ELECTRONICS,<br><br>Defendants. | CASE NO.: 5:08-cv-03802-JSW<br><br>Action Filed: August 8, 2008<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>AND VACATING CASE MANAGEMENT CONFERENCE |

Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), Plaintiff Technology Licensing Company. ("TLC") and Defendant jWIN Electronics Corp. ("jWIN") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

This is an action for patent infringement filed by Plaintiff TLC alleging infringement of U.S. Patent No. 5,734,862 (the '862 patent).

**2. Principal factual issues which the parties dispute:**

(a) The parties dispute all of the factual issues underlying a determination of the validity of the '862 patent, whether it is enforceable, whether it is infringed, whether any remedy is thereby appropriate, and, if so, the amount thereof.

(b) TLC is seeking damages in the amount no less than a reasonable royalty, depending on Defendant's sales of infringing products which will be determined during Discovery.

**3. The principal legal issues which TLC and jWIN dispute:**

(a) Whether the '862 patent is invalid and unenforceable under 35 U.S.C. §§ 102, 103, and 112.

**4. Other issues:**

The parties do not anticipate any additional issues in dispute at this time.

**5. Service:**

(a) Defendant J & R Electronics has not yet been served.

(b) TLC has no present intention to join any additional parties. jWIN also has no intention to join additional parties. The parties, however, reserve the right to add parties and claims during the course of discovery.

**5. Consent to assignment of this case to a United States Magistrate Judge for trial:**

(a) TLC does not consent to having this case assigned to a United States Magistrate Judge.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     1     CASE NO: 5:08-cv-03802-RS

(b) jWIN does not consent to having this case assigned to a United States Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

**6.     The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request is:**

(a) TLC and jWIN jointly request Mediation.

**7.     Please indicate any other information regarding ADR process or deadline.**

(a) The parties have been discussing settlement on their own and, as of the date of this case management statement, the parties are close to reaching a settlement.

## DISCLOSURES

**8.     The parties certify that they have made the following disclosures:**

The parties had anticipated that the case would have been settled by now. Because the case has not settled:

(a) TLC and jWIN are in the process of meeting and conferring pursuant to Federal Rule of Civil Procedure 26(f). In addition, they are in the process of making the required disclosures pursuant to the Patent Local Rules.

## DISCOVERY shall be referred to a randomly assigned magistrate judge.

**9.     The parties agree to the following discovery plan:**

(a) Limitations: The parties do not anticipate any discovery limitations at this time beyond those set forth herein and in the Federal Rules of Civil Procedure.

(b) jWIN requests that the Stipulated Protective Order for the Northern District of California be adopted.

(c) In all other respects, the parties agree to abide by the presumptive limits set forth in the Federal Rules of Civil Procedure.

(d) Schedule:

| | |
|---|---|
| Written and fact deposition discovery commences: | March 16, 2009 |
| Designation of Direct Expert Witnesses: | |
| Designation of Rebuttal Expert Witnesses: | Defer until after *Markman* order issues |
| Fact Discovery Closes: | |
| Direct Expert Reports Due: | |

JOINT CASE MANAGEMENT STATEMENT     2     CASE NO: 5:08-cv-03802-RS
AND [PROPOSED] ORDER

| Depositions of Direct Expert Witnesses: | |
|---|---|
| Rebuttal Expert Reports Due: | |
| Depositions of Rebuttal Expert Witnesses: | |

## TRIAL SCHEDULE

**10.** TLC and jWIN request a __2010__ trial date.

**11.** TLC and jWIN expect that the trial will last for 10 days.

## PATENT-RELATED ISSUES PURSUANT TO PATENT L.R. 2-1(A)

**12.** **Proposed modification of deadlines provided in the Patent Local Rules and its effect on the date and time of the Claim Construction Hearing, if any:**

Assuming that the Case Management Conference is held on March 13, 2009, TLC and jWIN propose the following schedule as set forth by the Patent Local Rules and by the Court's Standing Order for Patent Cases:

| EVENT | DATE |
|---|---|
| CMC | March 13, 2009 |
| TLC's Disclosure of Asserted Claims and Preliminary Infringement Contentions due | March 23, 2009 |
| TLC's documents supporting its Disclosure due | March 23, 2009 |
| jWIN's Preliminary Invalidity Contentions due | May 7, 2009 |
| jWIN's documents supporting its Preliminary Invalidity Contentions due | May 7, 2009 |
| Simultaneous exchange of Proposed Terms and Claim Elements for Construction **The Court has a 10 term limit.** | May 18, 2009 |
| Meet and confer re: Proposed Terms and Claim Elements for Construction | June 1, 2009 |
| Simultaneous exchange of Preliminary Claim Constructions, etc. per Patent L.R. 4-2 | June 8, 2009 |
| Meet and confer re: preparing a Joint Claim Construction and Pre-hearing Statement | June 22, 2009 |
| Joint Claim Construction and Pre-hearing Statement due | July 7, 2009 |
| Discovery on claim construction closes | August 6, 2009 |
| TLC's opening brief due | August 21, 2009 |
| jWIN's opposition due | September 4, 2009 |
| TLC's reply due | September 11, 2009 |
| Tutorial | TBD |
| Exchange of exhibits to be used at the Claim Construction Hearing | 1 to 2 weeks prior to Claim Construction hearing |

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**  3  **CASE NO: 5:08-cv-03802-RS**

| Tutorial | | September 30, 2009 2:00 p.m. |
|---|---|---|
| Claim Construction Hearing | October 7, 2009 at 2:30 p.m. | ~~September 25, 2009~~ or TBD |

**13. Whether the Court will hear live testimony at the Claim Construction Hearing:**

Currently, TLC and jWIN expect to present live testimony at the Claim Construction Hearing, but those positions may change through the course of discovery and briefing. Pursuant to the Court's Standing Order for Patent Cases ¶ 9, the parties shall seek the Court's approval should they decide to present extrinsic evidence at the Hearing.

**14. The need for any limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses:**

At this time, TLC and jWIN do not envision the need for any limits on discovery relating to claim construction.

**15. The order of presentation at the Claim Construction Hearing:**

As plaintiff, TLC will present its argument first at the Claim Construction Hearing.

**16. The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has not been filed.**

Pursuant to the Court's Standing Order for Patent Cases ¶ 7, this provision is not applicable.

Respectfully submitted.

DATED: March 9, 2009         **TECHNOLOGY LICENSING COMPANY**

By /s/John W. Carpenter
John W. Carpenter. Esq.
Attorneys for Plaintiff

DATED: March 9, 2009         **HANDAL & ASSOCIATES**

By /s/Gabriel G. Hedrick
Anton N. Handal, Esq.
Gabriel G. Hedrick, Esq.
Pamela C. Chalk, Esq.
Attorneys for Defendant jWin

JOINT CASE MANAGEMENT STATEMENT           4           CASE NO: 5:08-cv-03802-RS
AND [PROPOSED] ORDER

# [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: March 10, 2009

_____
United States District Judge

The Court encourages the parties to continue settlement talks, but in the interim they shall submit a stipulation and proposed order formally selecting mediation to the Court by no later than March 20, 2009.

## ATTESTATION OF E-FILED SIGNATURE

I, Gabriel G. Hedrick, attest that signatory John Carpenter has read and approved the JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER and consents to its filing in this action.

    /s/Gabriel G. Hedrick
Gabriel G. Hedrick, Esq.

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**     5     **CASE NO: 5:08-cv-03802-RS**